**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

|   |   |
|---|---|
| DAVID HOHSFIELD, : | |
| Plaintiff,   : | Civil No. 11-3007 (FLW) |
| v.           : | |
|              : | **OPINION** |
| WILLIAM POLHEMUS, et al., : | |
| Defendants.  : | |

**APPEARANCES**:

    DAVID HOHSFIELD, Plaintiff <u>pro se</u>
    # 567841-A
    Adult Diagnostic & Treatment Center
    8 Production Way
    P.O. Box 190 8-L
    Avenel, New Jersey 07001

**WOLFSON**, District Judge

    Plaintiff, David Hohsfield, a state inmate confined at the Adult Diagnostic & Treatment Center in Avenel, New Jersey, at the time he submitted the above-captioned Complaint for filing, seeks to bring this action <u>in forma pauperis</u>. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed <u>in forma pauperis</u> ("IFP") pursuant to 28 U.S.C. § 1915(a)(1998) and order the Clerk of the Court to file the Complaint.

    At this time, this Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether the pleading should be dismissed as frivolous or malicious, for

failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that this action should be dismissed with prejudice.

## I.   BACKGROUND

Plaintiff, David Hohsfield ("Plaintiff" or "Hohsfield"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the following defendants: William Polhemus, Sheriff of Ocean County; Theodore Hutler, Warden of the Ocean County Jail; John Does 1-5, Ocean County Freeholders; and Jane Roes 1-5, Ocean County officials. (Complaint, Caption and ¶¶ 5b-c). The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

Plaintiff alleges that the defendants have violated his constitutional rights guaranteed under the Fourth, Fifth, Eighth and Fourteenth Amendments, by levying and collecting fees from him as an inmate housed at the Ocean County Jail for housing costs without affording him due process or a hearing prior to the alleged "seizure" of his funds. (Compl., ¶ 8).

Plaintiff seeks the return of all confiscated funds, as well as compensatory and punitive damages in the amount of $250.00 per day for every day that he was confined at the Ocean County Jail. (Compl., ¶ 9). He also asks for appointment of pro bono counsel in this action. (Docket entry no. 1-3).

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an § 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

3

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2)).

However, recently, the Supreme Court revised this standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights. Id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

4

Fed.R.Civ.P. 8(a)(2).[1] Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... . Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed.R.Civ.P. 8(d).

5

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that applied to federal complaints before Twombly. Fowler, 578 F.3d at 210. The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50].

---

[2] In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id., 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

> Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" Iqbal, [129 S.Ct. at 1949-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

### III.  SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

7

> injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV. ANALYSIS

Plaintiff asserts that the imposition of a booking fee and a $20.00 "housing fee" per day on pretrial detainees, such as Plaintiff at the time he was housed at the Ocean County Jail, was a violation of due process and his right against unreasonable seizures.

Plaintiff objects to the "pay to stay" fee assessed against him and other inmates housed at the Ocean County Jail to cover the daily living expenses while confined. "User fees", similar to the one at issue here, have been determined to be nominal surcharges and non-punitive, and therefore, they do not violate due process. See Tinsley v. Del Rosso, 2008 WL 2236598, *5 (D.N.J. May 30, 2008); Fuentes v. State of New Jersey Office of Public Defenders, 2006 WL 83108 at *8 (D.N.J. Jan. 11, 2006). In Myrie v. Commissioner, N.J. Dep't. Of Corrections, 267 F.3d 251 (3d Cir. 2001), the Third Circuit held that N.J.S.A. 30:4-15.1,

8

effective July 1998, which required all state inmates to pay a 10% surcharge on commissary purchases in order to fund the Victims Crime Compensation Board ("V.C.C.B."), was valid. The court found that the surcharge was not so punitive in purpose or effect to constitute "punishment" in violation of the Double Jeopardy Clause, the Ex Post Facto Clause or Bill of Attainder provision of the Constitution. The surcharge was not excessive and was rationally related to legitimate governmental interest of "bridging the funding gap for the crime victims compensation program," and did not offend constitutional due process guarantees. Myrie, 267 F.3d at 255-263.

More significantly, the Third Circuit considered a similar challenge, as made by Plaintiff here, in Tillman v. Lebanon County Correctional Facility, 221 F.3d 410 (3d Cir. 2000). Like Plaintiff, the plaintiff in Tillman challenged the legality and constitutionality of a $10 per day fee for housing costs imposed on prisoners in the Lebanon County Prison. That plaintiff complained that the prison lacked the authority to implement a Cost Recovery Program; however, the Third Circuit held that the County was vested with the power to govern and manage correctional institutions, which included the power to impose a housing fee. Id., 221 F.3d at 423. The Tillman court stated, "[a]lthough we have not uncovered a statute explicitly providing for the deductions at issue here, the Cost Recovery Program was duly promulgated, not by the state, but by the county prison

9

board, which has "exclusive" authority regarding "the government and management" of the facility." Id. (citing 61 Pa. Cons.Stat. § 408(a)(1)) (current version at 61 Pa. Cons.Stat. Ann. § 1731). That statute states in part that, "[t]he board ... shall provide for the safekeeping, discipline and employment of inmates and the government and management of the correctional institution." 61 Pa. Cons.Stat. Ann. § 1731(a)(3).

Furthermore, the Third Circuit highlighted other court decisions that upheld similar policies finding no "barriers to the promulgation of such programs by prisons." Tillman, 221 F.3d at 423 (citing Reynolds v. Wagner, 128 F.3d 166, 170, 183 (3d Cir. 1997)(upholding program that was created by county prison); Mastrian v. Schoen, 725 F.2d 1164, 1165-66 (8th Cir. 1984) (upholding programs instituted by correctional officials). Accordingly the Third Circuit held that the Lebanon County Prison Board had the authority to promulgate the Cost Recovery Program.

Here, there is broad authority granted to county boards of chosen freeholders by the New Jersey Legislature under N.J. Stat. Ann. §§ 30:8-19 and 30:8-23,³ which could include the right to

---

³ N.J. Stat. Ann.. § 30:8-19 states, "[i]t shall be lawful for the board of chosen freeholders of any county in this state to assume and thereafter to exercise the custody, rule, keeping and charge of the county jails in their respective counties, and of the prisoners therein ..." Furthermore, N.J. Stat. Ann. § 30:8-23 states,
> When the board of chosen freeholders of any county shall have assumed the custody, rule, keeping and charge of the county jail of such county pursuant to section 30:8-19 of this title, such board shall prescribe rules and regulations for the management and conduct of such jail, and the

impose such an housing fee.  Furthermore, the <u>Tillman</u> court recognized the right of the Lebanon Valley Correctional Facility to charge inmates a housing fee based on similar legislative authority.

Moreover, there is nothing to suggest that the user fee is imposed as an impermissible penalty.  The Third Circuit has clearly announced that daily assessments like the one at issue here, do not constitute a penalty, and that a cost recovery program is more properly understood as a transfer of funds than a way to regulate prison behavior or as a punitive measure. <u>Tillman</u>, 221 F.3d at 420.  The <u>Tillman</u> court reasoned that: "A prisoner's term of incarceration cannot be extended, nor can he be reincarcerated, for failure to pay a negative balance ... the fees can hardly be called fines when they merely represent partial reimbursement of the prisoner's daily cost of maintenance, something he or she would be expected to pay on the outside."  <u>Id</u>. at 420.

Therefore, this Court finds that the Ocean County Jail user fee is a nominal and non-punitive charge.

This Court further concludes that imposition of the user fee in this case does not violate any due process rights of Plaintiff.  The Fourteenth Amendment prohibits the State from depriving "any person of life, liberty, or property, without due

---

employment, maintenance and keeping of the prisoners therein ...

process of law." U.S. Const. amend. XIV, § 1. In order to bring a procedural due process claim, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law. Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000). The Third Circuit has established that inmates have a property interest in funds held in prison accounts. Reynolds v. Wagner, 128 F.3d 166, 179 (3d Cir. 1997). "Thus, inmates are entitled to due process with respect to any deprivation of this money." Id. (citing Mahers v. Halford, 76 F.3d 951, 954 (8th Cir. 1996), cert. denied, 519 U.S. 1061 (1997)).

Thus, the Court is left to consider the adequacy of the procedural safeguards made available to inmates in the Ocean County Jail. In considering a due process claim, the Court must balance the private interest, the governmental interest, and the value of the available procedure in safeguarding against an erroneous deprivation. Mathews v. Eldridge, 424 U.S. 319, 335 (1976). In some cases, takings of property by the State require pre-deprivation notice and a hearing. But where the State must take quick action, or where it is impractical to provide meaningful pre-deprivation process, due process will be satisfied by a meaningful post-deprivation remedy. Tillman, 221 F.3d at 422(citing Parratt v. Taylor, 451 U.S. 527, 539 (1981)).

Here, Plaintiff states that he filed a grievance with respect to the user fee and was provided a copy of the resolution and policy and procedures regarding the fee collection process. Pursuant to general state prison policy, inmates have an opportunity to challenge the deductions from their inmate accounts through the general internal inmate grievance procedure provided for them. See <u>Barney v. Camden County Bd. of Chosen Freeholders</u>, --- F. Supp.2d ----, 2009 WL 5103206, *7, 8 (D.N.J. Dec 17, 2009)(NO. CIV. A. 08-4115). <u>See also</u> <u>Tillman</u>, 221 F.3d at 422.

In <u>Tillman</u>, the plaintiff challenged the adequacy of procedural safeguards in place when the prison only provided the opportunity for a post-deprivation hearing. In that case, the Third Circuit stated that the procedures afforded by the prison satisfied the constitutional requirements of due process. Specifically, the <u>Tillman</u> court stated that,

> It is impractical to expect the prison to provide predeprivation proceedings under these circumstances.... The assessments and takings pursuant to the program involve routine matters of accounting, with a low risk of error. To the extent that mistakes such as erroneous assessments or incorrect takings might occur, they may be corrected through the prison's grievance program without any undue burden on a prisoners' rights. On the other hand, to require predeprivation proceedings for what are essentially ministerial matters would significantly increase transaction costs and essentially frustrate an important purpose of the program, which is to reduce the county's costs of incarcerating prisoners.

<u>Id</u>. at 422.

13

Here, the Court finds that the general inmate grievance procedure in place at Ocean County Jail also adequately protects the rights of prisoners without creating an unfair burden on the government. Inmates are afforded adequate notice and the opportunity for hearing as required under the Constitution. Therefore, the user fee does not violate due process guarantees, and this claim should be dismissed for failure to state a claim.

## V.   CONCLUSION

For the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety, as against all named defendants, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. Plaintiff's application for appointment of counsel (Docket entry no. 1-3) will be denied as moot. An appropriate order follows.

                                                 s/Freda L. Wolfson
                                                FREDA L. WOLFSON
                                                United States District Judge

Dated: February 22, 2012